Stephen G. Recordon (SBN 91401)
**Recordon & Recordon**
225 Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Attorneys for Plaintiff LAWRENCE SPARKS

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SPARKS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> USE CREDIT UNION, MCT GROUP ) <br> INC, doing business as MCT GROUP ) <br> and JASON TRAVIS BULPITT, f/k/a ) <br> TRAVIS BULPITT, f/k/a JASON ) <br> RUSSELL, ) <br> ) <br> Defendants. ) <br> ) | CASE NO. **'17CV1203 H    AGS** <br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL ACT |

**INTRODUCTION**

1.  Plaintiff Lawrence Sparks, through his counsel, brings this action to challenge the acts of USE Credit Union ("USE"), MCT Group, Inc, (hereinafter "MCT") an entity also using the fictitious business name of "MCT Group," and Travis Bulpitt, ("Bulpitt") a debt collector using the false name of "Jason Russell" (collectively, "Defendants") regarding attempts by all named Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages; and

Complaint

-1-

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.     Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5.     At all times herein mentioned, Plaintiff is informed, believes, and on that basis alleges that at all times mentioned in this Complaint, all named Defendants were the agents, servants, and/or employees of their co-Defendants and in doing the things alleged in this Complaint were acting within the course and scope of said agency, authority, and employment.

## JURISDICTION AND VENUE

6.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7.     This action arises out of Defendants Bulpitt and MCT's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), and of Bulpitt, MCT and USE's violations of California's Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act").

8.     As Defendants both do business in the state of California, and committed the acts that form the basis for this suit with the intent to cause effects in the state of California, this Court has personal jurisdiction over both Defendants for purposes of this action.

9.     Venue is proper as Defendants both do business in the County of San Diego and the acts at issue took place in the County of San Diego.

/ / /

/ / /

Complaint

## PARTIES

*Plaintiff and the nature of his debt*

10. Plaintiff is a natural person, an adult, and a resident of the County of San Diego.

11. Plaintiff is self-employed as a welder, as part of a family business, "Sparks Welding & Performance," that Plaintiff carried on from his father.

11. Defendants Bulpitt and MCT, on behalf of Defendant USE, claimed that Plaintiff was obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

*Defendant Bulpitt*

14. Defendant Bulpitt is a natural person and an adult.

15. Defendant Bulpitt is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

16. Defendant Bulpitt, in the ordinary course of business, regularly, and on behalf of himself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

Complaint

17. Defendant Bulpitt has been employed as a debt collector by MCT for at least the past 21 years.

18. Defendant Bulpitt uses a false name, "Jason Russell," to identify himself to the consumers from whom he attempts to collect debts.

19. At deposition, MCT identified Defendant Bulpitt's real name as "Travis Bulpitt."

20. Plaintiff is informed and believes that Defendant Bulpitt's real name is actually Jason Travis Bulpitt.

*Defendant MCT*

21. Plaintiff is informed and believes and thereon alleges that Defendant MCT is a California corporation.

22. Defendant MCT is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

23. Defendant MCT, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

24. MCT collects debts exclusively for California credit unions, including Defendant USE.

25. MCT collects debts both by filing consumer debt collection lawsuits in their own name, and by contacting consumers by telephone and by mail.

*Defendant USE*

26. Plaintiff is informed and believes and thereon alleges that Defendant USE is a California entity subject to California Financial Code §14000, et seq.

/ / /

Complaint

-4-

27.     Defendant USE, in the ordinary course of business, regularly, and on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

### FACTS COMMON TO ALL CAUSES OF ACTION

28.     On June 20, 2016, MCT filed a complaint ("State Court Complaint") in the Superior Court of California for the County of San Diego against Sparks, in the matter of *MCT Group, Inc v. Lawrence Sparks* et al, case number 37-2016-00020681-CL-CL-CTL ("State Court Action").

29.     In the above State Court Complaint, later served on Sparks, MCT alleged that MCT was an assignee "for collection only," from USE, of a contract ("Loan Agreement") between Sparks and USE.

30.     In doing so, MCT alleged that they were acting as agents for USE in filing the above State Court Complaint.

**Telephone harassment**

31.     MCT's employee Bulpitt then made repeated telephone calls to Plaintiff.

32.     Bulpitt represented to Sparks that he was the "manager in charge" of MCT.

33.     Bulpitt told Sparks that the only payment that MCT would accept was $500.00 per month, and that if he did not pay $500.00 per month, there would be "consequences."

34.     Sparks told Bulpitt he simply did not have $500.00 per month.

35.     On September 8, 2016, Bulpitt called Sparks and stated that if Sparks did not begin making payments immediately of $200.00 per month, that there would be a Sheriff sitting in front of your business, and that he would "crush" Sparks' business.

/ / /

Complaint

36. The threat of losing his business caused Sparks to experience fear, anxiety, depression, loss of concentration, loss of sleep, and emotional turmoil.

## FIRST CLAIM FOR RELIEF

**(Claim for Violations of the FDCPA against Bulpitt and MCT)**

37. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the paragraphs above.

38. Bulpitt and his employer MCT violated the FDCPA. Bulpitt and MCT's violations include, but are not limited to the *following*:

    a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt; and

    c. *15 U.S.C. §1692f* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

39. Plaintiff is entitled to actual damages sustained as a result of MCT's conduct, in an amount according to proof; to statutory damages of $1,000; costs of the action; and reasonable attorney's fees, all pursuant to *15 U.S.C. §1692k*.

## SECOND CLAIM FOR RELIEF

**(Claim for Violations of the Rosenthal Act against all named Defendants)**

40. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

41. Based on information and belief, Defendants Bulpitt, MCT and USE's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code §§ 1788.17*.

/ / /
/ / /
/ / /
/ / /

Complaint

-6-

42. Based on information and belief, Defendants Bulpitt, MCT and USE's violations of *California Civil Code § 1788.17*, which incorporate several of the provisions of the FDCPA, include, but are not limited to, the following:

    a. *15 U.S.C. §1692d* by engaging in behavior the natural consequence of which is to harass, abuse or oppress;

    b. *15 U.S.C. §1692e* by making a false, deceptive or misleading misrepresentation in the collection of a debt; and

    c. *15 U.S.C. §1692f* by use of an unfair or unconscionable means to collect or attempt to collect a debt.

43. Defendants Bulpitt, MCT and USE's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

44. As a proximate result of the violations of the Rosenthal Act committed by Defendants Bulpitt, MCT and USE, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against all named Defendants, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants Bulpitt and MCT;

2. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendants Bulpitt, MCT and USE;

3. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants Bulpitt and MCT;

/ / /

Complaint

-7-

4. An award of statutory damages of $1,000.00 pursuant to California Civil Code § 1788.30(b) against Defendants Bulpitt, MCT and USE;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants Bulpitt and MCT;

6. An award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c) against Defendants Bulpitt, MCT and USE;

7. Such other and further relief this court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

DATED: June 13, 2017          /s/ Stephen G. Recordon
                              STEPHEN G. RECORDON
                              Attorney for Plaintiff

Complaint